# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STANLEY BRADFORD CLARKE, et al., | ) | 1:09cv01301 LJO DLB |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| CITY OF MADERA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On July 24, 2009, Plaintiffs Stanley Bradford Clarke and Andrea Venturi ("Plaintiffs"), proceeding pro se, filed the instant action against Defendants City of Madera and Does 1 through 50 ("Defendants").

On December 15, 2009, the Court issued an Order to Show Cause why the action should not be dismissed for Plaintiffs' failure to appear at the mandatory scheduling conference, failure to file a scheduling conference statement and failure to serve the complaint. Plaintiffs were ordered to file a response, or properly executed return of service forms, within sixty (60) days of the date of service of the order.[1] More than sixty days have passed since service of the Court's order and Plaintiffs have failed to file a response or properly executed return of service forms.

---

[1] The Court served both Plaintiffs with a copy of the order by mail at the address on file for Plaintiff Stanley Bradford Clarke. The Court's docket does not reflect that a different address has been submitted for Plaintiff Andrea Venturi.

1

1     For the reasons discussed below, the Court recommends that this action be dismissed for
2 failure to follow a Court order and failure to prosecute this action.

### **DISCUSSION**

4     Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these
5 Rules or with any order of the Court may be grounds for the imposition by the Court of any and
6 all sanctions . . . within the inherent power of the Court." District courts have the inherent power
7 to control their dockets and "[i]n the exercise of that power they may impose sanctions including,
8 where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.
9 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an
10 action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v.
11 Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik
12 v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an
13 order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir.
14 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
15 apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)
16 (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424
17 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

18     In determining whether to dismiss an action for lack of prosecution, failure to obey a
19 court order, or failure to comply with local rules, the court must consider several factors: (1) the
20 public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
21 (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
22 their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831;
23 Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,
24 46 F.3d at 53.

25     In the instant case, the Court finds that the public's interest in expeditiously resolving this
26 litigation and the Court's interest in managing the docket weigh in favor of dismissal. This case
27 has been pending since July 24, 2009, and Plaintiffs have failed to serve the complaint or appear
28 for the mandatory scheduling conference. The third factor, risk of prejudice to defendants, also

1  weighs in favor of dismissal, since a presumption of injury arises from the occurrence of
2  unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th
3  Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is
4  greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's
5  warning to a party that his failure to obey the court's order will result in dismissal satisfies the
6  "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33;
7  Henderson, 779 F.2d at 1424. The Court's December 15, 2009, Order to Show Cause requiring
8  Plaintiffs to file a response or properly executed return of service forms expressly stated: "Failure
9  to do so will result in a recommendation that this action be dismissed for failure to follow the
10 Court's orders." Thus, Plaintiffs had adequate warning that dismissal would result from
11 noncompliance with the Court's order.

**RECOMMENDATION**

13 Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for
14 failure to follow a court order and failure to prosecute this action.
15 These findings and recommendations will be submitted to the Honorable Lawrence J.
16 O'Neill, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after
17 being served with these Findings and Recommendations, Plaintiffs may file written objections
18 with the Court. The document should be captioned "Objections to Magistrate Judge's Findings
19 and Recommendations." Plaintiffs are advised that failure to file objections within the specified
20 time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153
21 (9th Cir. 1991).

23    IT IS SO ORDERED.
24   **Dated:  February 27, 2010**             /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE

3