1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9    STANLEY BRADFORD CLARKE,              CASE NO. CV F 09-1301 LJO DLB
     ANDREA VENTURI,
10                                         **ORDER ON MOTION TO DISMISS AND**
                        Plaintiffs,        **ON MOTION TO AMEND** (Doc. 32, 36)
11
              vs.
12
     CITY OF MADERA, JEREMY HARLOW,
13   SHANT SHEKLANIAN, FELIX
     GONZALES, BRENT CEDARQUIST,
14   MATHEW MCCOMBS, MICHAEL KIME,
     SEAN PIERRE WILSON,
15
                        Defendants.
16   _____/

17         By notice filed on July 14, 2010, defendant City of Madera moves to dismiss the sole cause of

18   action against it pursuant to Fed.R.Civ.Proc. 12(b)(6).  Plaintiffs Stanley Bradford Clarke and Andrea

19   Venturi proceed in propria persona and in forma pauperis.   Plaintiffs filed an opposition on August 16,

20   2010 and filed a motion for leave to amend.[1]   Defendant filed its reply brief on August 19, 2010.

21   Pursuant to Local Rule 230(g), the motion was submitted on the pleadings without oral argument.

22   Therefore, the hearing set for August 26, 2010 was vacated.   Having considered the moving, opposition

23   and reply papers, as well as the Court's file, the Court issues the following order.

24                              **FACTUAL OVERVIEW**

25         Plaintiff Stanley Clarke ("plaintiff") alleges he was a passenger in a vehicle which was stopped

26   by Officer Gonzales.   Plaintiff Venturi was driving the vehicle.   Officer Gonzales demanded

27   _____

28         [1] City argues that the opposition is untimely and should not be considered by the Court.  The Court elects to consider
     the opposition.

                                             1

identification from plaintiff without any reason for the request. Other officers, Harlow and Sheklanian, in plain clothes, arrived at the scene, and Officer Cedarquist arrived in a patrol car. Officer Harlow struck plaintiff and Officer Sheklanian rushed plaintiff and attempted to tackle plaintiff. Officer Harlow then pulled out a baton and began beating plaintiff and telling him to get on the ground. Officer Sheklanian again rushed plaintiff and held plaintiff while Officer Harlow continued to beat plaintiff. Plaintiff collapsed to the ground and Officer Sheklanian tackled plaintiff. He then began striking plaintiff in the back and upper body, kicking and stomping on plaintiff's legs. Plaintiff was arrested and taken to jail. While the beating was on going, plaintiff Venturi was restrained in the car and forced to watch the beating. Plaintiff alleges that Officer Cedarquist failed to take any action to intervene and stop the force against plaintiff. Plaintiff alleges defendant Officer McCombs transferred plaintiff Clarke to the Madera County jail and failed to read him his rights. McCombs secretly taped recorded his conversation with plaintiff Clarke with a hidden microphone.

Plaintiff alleges that the officers, Harlow, Sheklanian, Gonzales and Cedarquist, falsified their police reports to cover up the unlawful detention and excessive force. Plaintiff alleges that defendant Kime and the City of Madera learned of previous incidents involving defendant Sheklanian where he used excessive force, yet failed to discipline him.

Plaintiff alleges he was charged with violations of Penal Code Section 148 resisting arrest and section 243 battery on a police office. Defendant City requests the Court take judicial notice of the decision of conviction on the Section 148 charge.

In connection with filing his Tort Claims Act claim, plaintiff alleges that defendant Sean Pierre Wilson intentionally and maliciously interfered with Venturi's right to present her California Government Tort Claim.

Plaintiff alleges the following claims:

(1)     First Cause of Action for violation of 42 U.S.C. §1983 for use of excessive force against Harlow, Sheklanian, Gonzales, Cedarquist;

(2)     Second Cause of Action for violation of 42 U.S.C. §1983 for conspiracy to interfere with plaintiff's rights against Harlow, Sheklanian, Gonzales, Cedarquist, McCombs, Kime and City of Madera;

1      (3)    Third Cause of Action for Intentional Infliction of Emotional Distress against Harlow,

2              Sheklanian, Gonzales, Cedarquist, McCombs;

3      (4)    Fourth Cause of Action for violation of 42 U.S.C. §1983 for supervisory liability against

4              Wilson;

5      (5)    Fifth Cause of Action for violation of 42 U.S.C. §1983 by co-plaintiff Venturi for

6              unreasonable search and seizure against Harlow, Sheklanian, Gonzales, Cedarquist;

7      (6)    Sixth Cause of Action for Intentional Infliction of Emotional Distress by co-plaintiff

8              Venturi against Harlow, Sheklanian, Gonzales, Cedarquist.

9 Defendant City of Madera argues that second cause of action should be dismissed on the following

10 grounds:

11      1.    Plaintiff has Failed to Properly Plead the Causes of Action Violation of 42 U.S.C. § 1983

12             against the City of Madera; and

13      2.    Plaintiff Clarke has been convicted of violation of Penal Code section 148(a).

14      3.    The Individual Officers are Entitled to Qualified Immunity.[2]

15                       **ANALYSIS AND DISCUSSION**

16 **A.**    **Standard for Motion to Dismiss**

17      A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the

18 pleadings set forth in the complaint.  A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either

19 a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

20 theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a motion

21 to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint

22 in question, construes the pleading in the light most favorable to the party opposing the motion, and

23 resolves all doubts in the pleader's favor.  *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir.

24 2008); *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

25      To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief

26 that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

27

28       [2] City did not provide any argument on this point, other than indirectly by arguing plaintiff's prior conviction.  The Court does not resolve this issue.

3

A claim has facial plausibility,"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937 (2009).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (internal citations omitted).  Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action."  *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."  *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969.

## B.    The City's Liability for Section 1983 Violations

Defendant City of Madera challenges the second cause of action.  Defendant argues that the §1983 is based claim upon alleged excessive use of force and a policy or custom which ratified the alleged use of excessive force.

### 1.    Allegations of Constitutional Infringing Customs or Policies

A local government unit may not be held liable for the acts of its employees under a respondeat superior theory.  *Monell*, 436 U.S. at 691, 98 S.Ct. 2018; *Davis v. Mason County*, 927 F.2d 1473, 1480 (9th Cir.), *cert. denied*, 502 U.S. 899, 112 S.Ct. 275 (1991); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989).  "[A] municipality cannot be held liable *solely* because it employs a tortfeasor."  *Monell*, 436 U.S. at 691, 98 S.Ct. at 2018.  The local government unit "itself must cause the constitutional deprivation." *Gilette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992), *cert. denied*,

1   510 U.S. 932, 114 S.Ct. 345 (1993). Because liability of a local governmental unit must rest on its

2   actions, not the actions of its employees, a plaintiff must go beyond the respondeat superior theory and

3   demonstrate that the alleged constitutional violation was the product of a policy or custom of the local

4   governmental unit. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989); *Pembaur*

5   *v. City of Cincinnati*, 475 U.S. 469, 478-480, 106 S.Ct. 1292 (1986). To maintain a section 1983 claim

6   against a local government, a plaintiff must establish the requisite culpability (a "policy or custom"

7   attributable to municipal policymakers) and the requisite causation (the policy or custom as the "moving

8   force" behind the constitutional deprivation). *Monell*, 436 U.S. at 691-694, 98 S.Ct. 2018; *Gable v. City*

9   *of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002).

10      "In addition, a local governmental entity may be liable if it has a 'policy of inaction and such

11   inaction amounts to a failure to protect constitutional rights.'" *Lee v. City of Los Angeles*, 250 F.3d 668,

12   681 (9th Cir. 2001) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)). A local government

13   entity may be liable under section 1983 "if its deliberate policy caused the constitutional violation

14   alleged." *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007).

15      Plaintiff has not alleged in his FAC any custom, policy or practice of the City of Madera which

16   allegedly violated his rights. Plaintiff does not argue in either his opposition or his motion to amend,

17   that he is able to allege a custom, policy or practice. Accordingly, plaintiff's complaint is factually

18   devoid of this necessary element for his cause of action.

19      **2.     Conviction under Penal Code §148(a)(1)**

20       Defendant City argues that plaintiff cannot allege a constitutional violation. Defendant argues

21   that plaintiff Clarke was convicted of violation of California Penal Code §148 for resisting arrest.

22   Defendant asks the Court to take judicial notice of the verdict of conviction.[3] (See Doc. 32, Declaration,

23   _____

24      [3] "Judicial notice" is the court's recognition of the existence of a fact without the necessity of formal proof. *See United States v. Harrison*, 651 F.2d 353, 355 (5th Cir. 1981); *Castillo-Villagra v. I.N.S.*, 972 F.2d 1017, 1026 (9th Cir.

25   1992). Facts proper for judicial notice are those facts not subject to reasonable dispute and either "generally known" in the community, or "capable of accurate and ready determination" by reference to sources whose accuracy cannot be reasonably

26   questioned. Fed.R.Evid. 201; *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (court may take judicial notice of official records and reports. The court need not accept as true allegations that contradict facts which may be

27   judicially noticed by the court.) A court may take judicial notice of its own records. *See e.g., Day v. Moscow*, 955 F.2d 807, 811 (2nd Cir. 1992). Courts may take judicial notice of public records. *Cachil Dehe Band of Wintun Indians of Colusa*

28   *Indian Community v. State of Calif.*, 536 F.3d 1034, 1039–1040 & fn. 4 (9th Cir. 2008). The Court will take judicial notice

Exh. A.) Defendant City argues that because plaintiff Clarke was convicted for resisting arrest, any civil rights or state law claim that is inconsistent with that conviction is barred.

Plaintiff alleges that he was arrested for violation of Penal Code §148(a)(1). That Penal Code states:

> Every person who willfully resists, delays, or obstructs any public officer, peace officer . . . in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished by a fine not exceeding one thousand dollars ($1,000.00) or by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment.

The elements of Penal Code §148(a)(1) are: "[t]he legal elements of a violation ... are as follows: (1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties." *In re Muhammed C.*, 95 Cal.App.4th 1325, 1329, 116 Cal.Rptr.2d 21 (2002).

In *Heck v. Humphrey*, the United States Supreme Court held that a §1983 action is not cognizable if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *See also Yount v. Sacramento,* 43 Cal.4th 885 (2008) (Yount ) (civil rights or tort complaints barred if any judgment in the plaintiff's favor would necessarily imply the invalidity of an underlying final criminal judgment), *cert. denied*, - U.S. -, 129 S.Ct 905 (2009). A person "cannot be convicted of an offense against an officer engaged in the performance of his official duties unless the officer was acting lawfully at the time." *People v. Simmons*, 42 Cal.App.4th 1100, 1108-1109 (1996).

Here, plaintiff's excessive force claim would necessarily call into question the validity of his jury conviction for violating Cal.Penal Code §148. Plaintiff alleges that the officers engaged in excessive force in arresting him in violation of his constitutional rights. He alleges that they used excessive force against him and conspired to have false charges of resisting arrest brought against him. In his

---

of the judgment of conviction.

opposition, plaintiff notes that the officers lied on the witness stand during trial.  (Doc. 37, Opposition p 5:5.)  Plaintiff Clarke was convicted by a jury on a count of violating California Penal Code section 148(a)(1).  *See Smith v. City of Hemet*, 394 F.3d 689, 699 n. 5 (9th Cir. 2005) (en banc) (explaining that a jury-trial conviction for resisting arrest, pursuant to Cal.PenalCode §148(a)(1), "necessarily determines the lawfulness of the officers' actions throughout the whole course of the defendant's conduct, and any action alleging the use of excessive force would necessarily imply the invalidity of his conviction"), *cert. denied*, 545 U.S. 1128 (2005).  Conviction under Penal Code §148 requires that the officer be lawfully engaged in the performance of his or her duties.  Plaintiff's conviction in the criminal proceeding determined that the officers were acting lawfully in arresting plaintiff.  Accordingly, his civil rights claim, asserting that the City violated a policy or custom of excessive force by the officers acting unlawfully, is barred.

In his opposition, plaintiff argues that he may assert an excessive force claim even if he has been convicted.  (Doc. 37 Opposition p.5.)  Plaintiff cites to numerous out-of-circuit cases and one Ninth Circuit case for his proposition, *Smithart v. Towery*, 79 F.3d 951 (9th Cir. 1996).  In *Smithart*, the plaintiff used his truck in an attempt to run over an officer, an act for which he was later convicted of assault with a deadly weapon.  *Id.* at 952-953. The plaintiff claimed that after he got out of his truck, the officer used excessive force to arrest him. *Ibid.* The plaintiff's excessive force claim did not challenge the finding that he had driven his truck at the officer, and thus he could proceed with his claim without contradicting his conviction for assault with a deadly weapon.  The other out-of-circuit cases cited by plaintiff are similarly distinguishable.

Here, Clarke's claim, as currently plead, challenges the factual determination that underlies his conviction for resisting arrest.  The allegations squarely challenge acts which led to his conviction.  Plaintiff was tackled, hit, beat, kicked by the police officers in the course of their taking him into custody.  In his opposition, plaintiff further argues that the trial itself, incorrectly convicted him because the police lied, expert evidence was excluded, and the video evidence showed multiple blows.  (Doc. 37, Opposition p. 5.)  Plaintiff's arguments do not change the result mandated by *Heck.*  If plaintiff prevails on his excessive force claim in this action, he will have established that his criminal conviction lacks any basis, in contravention of *Heck.*  Plaintiff notes that his conviction is on appeal.  Until such

1   time as his conviction is invalidated, his claim is barred.

2   **C.      Leave To Amend**

3          Generally, leave to amend is freely given under the Rule 15.  Pursuant to Fed. R. Civ. P. 15, this

4   Court "should freely give leave when just so requires."  If a plaintiff fails to state a claim, a court need

5   not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be

6   cured by allegation of other facts."  *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911

7   F.2d 242, 247 (9th Cir. 1990).

8          Plaintiff asks for leave to amend.  Plaintiff's motion (Doc. 36) and plaintiff's opposition (Doc.

9   37), however, do not set forth any factual information from which an excessive force claim can be made.

10  The facts as argued by plaintiff are continuous acts of conduct occurring during the arrest of plaintiff.

11   Plaintiff challenges that acts leading up to his conviction.  Plaintiff cannot allege an excessive force

12  claim against the City which could cure the fatal defect in his claim.  Therefore, leave to amend will be

13  denied.

14                                    <u>**CONCLUSION**</u>

15         For the foregoing reasons, the motion to dismiss by the City of Madera is GRANTED without

16  leave to amend the second cause of action.

17

18

19  IT IS SO ORDERED.

20  **Dated:      August 23, 2010**                    _____/s/ Lawrence J. O'Neill_____
                                                    UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

                                                 8