# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY BRADFORD CLARKE, ANDREA VENTURI, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF MADERA, JEREMY HARLOW, SHANT SHEKLANIAN, FELIX GONZALES, BRENT CEDARQUIST, MATHEW MCCOMBS, MICHAEL KIME, SEAN PIERRE WILSON, <br><br> Defendants. | 1:09cv01301 LJO DLB <br><br> FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION |

On June 22, 2010, Plaintiffs Stanley Bradford Clarke and Andrea Venturi ("Plaintiffs"), proceeding pro se, filed an amended complaint naming Defendants City of Madera, Jeremy Harlow, Shant Sheklanian, Felix Gonzales, Brent Cedarquist, Mathew McCombs, Michael Kime, and Sean Pierre Wilson, along with Does 8 to 50 ("Defendants").

On June 28, 2010, the Court set a mandatory scheduling conference for September 8, 2010. The parties were directed to file a joint scheduling report one week prior to the conference. Subsequently, the Court granted Defendant City of Madera's motion to dismiss. The mandatory scheduling conference remained on calendar.

On September 8, 2010, Plaintiffs failed to appear for the mandatory scheduling conference and failed to file a scheduling report. Plaintiffs also failed to file proofs of service indicating that they have served any of the remaining individual defendants named in this action.

On September 10, 2010, the Court issued an Order to Show Cause why the action should not be dismissed for failure to appear at the mandatory scheduling conference, failure to file a scheduling conference statement and failure to serve the complaint on the individual defendants. Plaintiffs were ordered to file a response or to file properly executed return of service forms within **thirty (30) days** of the date of service of the order. More than thirty (30) days have passed since service of the Court's order and Plaintiffs have failed to file a response or properly executed return of service forms.

For the reasons discussed below, the Court recommends that this action be dismissed for failure to follow a Court order and failure to prosecute this action.

## DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

1    their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831;
2    Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,
3    46 F.3d at 53.
4          In the instant case, the Court finds that the public's interest in expeditiously resolving this
5    litigation and the Court's interest in managing the docket weigh in favor of dismissal.  This case
6    has been pending since July 24, 2009, and Plaintiffs have failed to serve the amended complaint
7    on the individual defendants or appear for the mandatory scheduling conference.  The third
8    factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
9    injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v.
10   Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring
11   disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal
12   discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order
13   will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d
14   at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's September 10, 2010,
15   Order to Show Cause requiring Plaintiffs to file a response or properly executed return of service
16   forms expressly stated: "Failure to do so will result in a recommendation that this action be
17   dismissed for failure to follow the Court's orders, failure to appear at the mandatory scheduling
18   conference and failure to prosecute this action."  Thus, Plaintiffs had adequate warning that
19   dismissal would result from noncompliance with the Court's order.

## RECOMMENDATION

21   Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for
22   failure to follow a court order and failure to prosecute this action.
23   These findings and recommendations will be submitted to the Honorable Lawrence J.
24   O'Neill, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after
25   being served with these Findings and Recommendations, Plaintiffs may file written objections
26   with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings
27   and Recommendations."  Plaintiffs are advised that failure to file objections within the specified
28

time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 20, 2010**              **/s/ Dennis L. Beck**
                                                                 UNITED STATES MAGISTRATE JUDGE